UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH-ROBERTY PETTY, IV,

Plaintiff,

v. 9:26-CV-1308 (ECC/ML)

DANIEL F. MARTUSCELLO, III, et. al,

Defendants.

---

APPEARANCES:

JOSEPH-ROBERTY PETTY, IV
Plaintiff, Pro Se
20-A-0591
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

ELIZABETH C. COOMBE
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Pro se plaintiff Joseph Robert Petty, IV commenced this action in the Eastern District of New York by filing a civil rights complaint and application to proceed in forma pauperis ("IFP"). *See* Dkt. No. 1 ("Compl."); Dkt. No. 2 ("First IFP Application"). By Order entered on June 29, 2026, the Honorable Ramon E. Reyes, Jr. ordered that this action be transferred to the Northern District of New York. Dkt. No. 5 ("Transfer Order"). That same day, this action

was transferred to the Northern District of New York in accordance with the Transfer Order. *See* Dkt. No. 6.

The next day, the First IFP Application was denied as incomplete and this action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 7. On July 17, 2026, the Court received a new IFP application from plaintiff, and the Clerk was directed to reopen this action and restore it to the Court's active docket. Dkt. No. 8 ("Second IFP Application"); Dkt. No. 10 ("Re-Opening Order").

By Decision and Order entered on August 10, 2026, the Court conditionally granted the Second IFP Application and dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Dkt. No. 11 ("August 2026 Order"). In light of plaintiff's pro se status, he was afforded thirty (30) days to file an amended complaint. *Id*. at 16-18.

Presently before the Court is a document filed by plaintiff, which purports to be an amended complaint. Dkt. No. 15 ("Am. Compl.").

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

### A. The Complaint and August 2026 Order

In his original complaint, plaintiff asserted Section 1983 claims based on an alleged use-of-force incident that occurred on May 5, 2026, during plaintiff's incarceration at Auburn Correctional Facility, and the subsequent denial of desired medical treatment. *See generally* Compl.[1] The complaint named Corrections Officer McPeck, Corrections Sergeant Bratt, New

[1] Although the complaint also discussed an alleged use-of-force incident on May 2, 2026, plaintiff did not allege that any of the named defendants participated in that use-of-force incident or were aware, prior to the incident, that plaintiff was likely to be assaulted. *See* August 2026 Order at 9 n.4. Thus, the Court did not construe the

York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Martuscello, Auburn Correctional Facility Superintendent Napoli, and Offender Rehabilitation Coordinator ("ORC") Jirinec as defendants. *See* Compl. at 1-3.

The complaint was liberally construed to assert Eighth Amendment medical indifference claims against the named defendants and an Eighth Amendment excessive force claim against defendant McPeck. *See* August 2026 Order at 8.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* August 2026 Order at 9-17.

**B. Overview of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August 2026 Order and will not be restated here. *See* August 2026 Order at 5-7.

Although captioned as an "Amended Complaint," plaintiff's submission names DOCCS as the only defendant, and appears to seek relief based on plaintiff's unlawful arrest and incarceration. *See* Am. Compl. at 1-4.

---

allegations in the complaint to assert a cognizable Section 1983 claim against any of the named defendants based on the alleged events from May 2, 2026. *Id.* In addition, because the complaint did not include any details regarding the disciplinary hearing that allegedly occurred after the use-of-force incidents, or the outcome the hearing, the Court did not construe the complaint to assert a cognizable Section 1983 claim against any of the named defendants related to plaintiff's receipt of a misbehavior report and the disciplinary hearing. *Id.*

Plaintiff's submission consists of the following: (1) five handwritten pages, which are replete with incoherent statements and confusing references to statutes and lawsuits, including the criminal proceeding that forms the basis of his current incarceration; and (2) Internal Revenue Service records and court filings in that criminal proceeding. *See generally*, Am. Compl. By way of example only, the handwritten portion of plaintiff's submission includes the following statement: "Petitioner[']s Statement of the Claim in the grounds listed showing the living man as Grantor is a Cestui Que Vie Trust known to the public as Joseph-Roberty Petty, IV invokes the provisions of Article IV of the Cestui Que Vie Act 1666 as one 'having been found to be alive' and to be owned all benefit, control, and interest in the Grantor Trust Estate set free and clear of all liens, debts, titles held under color of law, tithes, fees and all other encumbrances established by the United States of America Inc." *Id*. at 2-3, ¶ 7. The very next paragraph reads as follows: "Petitioner is claiming the Writ of Habeas Corpus to institute and maintain actions of any kind in the Courts of 'this' state while maintaining true domicile on the land of these United States, to take, hold and dispose of property either real, intangible or personal held in the name of the Foreign Grantor Trust dba JOSEPH ROBERT PETTY together with all derivatives NAMES and Names and styles thereof, together with guarantee of prepayment and exemption from taxes, tithes, and fees, together with re-conveying all actual holder in due course of the given name and estate." *Id*. at 3, ¶ 8. The pleading then references "The Foreign Sovereign Immunities Act" and "demands" that the Court release plaintiff from incarceration and award him one million dollars in damages "for each year spent in prison[.]" *Id*. at 3-4, ¶¶ 9-10.

For a more complete statement of plaintiff's purported claims, reference is made to the

amended complaint.

### C. Analysis

As a threshold matter, the allegations in the amended complaint have absolutely nothing to do with the alleged wrongdoing that forms the basis of the claims in the original complaint. Indeed, the pleading does not include any allegation of wrongdoing related to events that occurred in May 2026. Nor does the pleading re-name any of the officials identified as defendants in the original complaint. Thus, plaintiff's submission is not a proper amended complaint. *See, e.g., Jolley v. Meachum*, 210 F.3d 354 (2d Cir. 2000) (affirming denial of motion for leave to amend where the plaintiff's "various proposed amended complaints contained claims that were either unrelated to his original claims, or known to him at the time that he filed his original complaint"); *Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. App'x 40, 43 (2d Cir. 2012) (collecting cases) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *White v. Tatro*, No. 9:15-CV-1489 (BKS/ATB), 2016 WL 7735757, at *3 (N.D.N.Y. Nov. 28, 2016) ("[T]he court notes that the first 'amended complaint' that plaintiff attempted to file on November 16, 2015 . . . bears no resemblance to the original complaint . . . that he filed in 14-CV-1547 and bears no resemblance to the complaint that he later submitted as Dkt. No. 26 in 14-CV-1547. The complaints all sue different defendants, regarding different incidents, which occurred in different years. Plaintiff was clearly attempting to abuse the court's leniency toward pro se litigants by filing proposed amended complaints that were completely unrelated to the original

complaint that was dismissed for failure to state a claim."), *report and recommendation adopted by* 2017 WL 120949 (N.D.N.Y. Jan. 12, 2017); *Amusement Indus. v. Stern*, No. 07-CV-11586, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 10, 2014) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case.").

Setting aside the lack of a relationship between the original and amended pleadings, Rule 8(a) of the Federal Rules of Civil Procedure expressly requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought[.]" In this case, the amended complaint does not identify any state actor who allegedly violated plaintiff's federal rights, and the allegations in the amended complaint fail to provide any indication that plaintiff is entitled to any measure of relief in this action.[2]

Furthermore, insofar as the amended complaint purports to assert claims related to plaintiff's alleged unlawful arrest or conviction, the United States Supreme Court held as follows in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

---

[2] Rule 10(a) of the Federal Rules of Civil Procedure requires "the title of the complaint" to "name all the parties." As other courts have noted, it is not the Court's place to add officials referenced in the body of the pleading to an action as defendants based on an assumption that plaintiff intended for such individuals to be parties. *See, e.g., Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

> executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.

"*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment,'" and thus, any shortening of a term of confinement will be subject to the rule in *Heck*. *Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005) (quoting *Heck*, 512 U.S. at 483, 486) (other citation omitted); *see also Jude v. New York State*, No. 07-CV-5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases). Indeed, an inmate's Section 1983 action is barred by *Heck* "(absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82.

Plaintiff is presently incarcerated and was when he filed this action. Moreover, the amended complaint lacks allegations which plausibly suggest that plaintiff's conviction (or the ruling that resulted in his current incarceration) has been reversed, expunged, declared invalid, or otherwise called into question by the issuance of a writ of habeas corpus. Accordingly, any Section 1983 claims that seek to challenge the validity or duration of plaintiff's current incarceration are barred by *Heck* and its progeny.

Finally, insofar as plaintiff has asserted Section 1983 claims against DOCCS, the Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).

It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's amended complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Furthermore, state immunity extends not only to the states, but also to state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) ("An official arm of the state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself."); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of Section 1983 claims against DOCCS on Eleventh Amendment grounds). Accordingly, any intended

federal claims against DOCCS are barred by the Eleventh Amendment.[3]

**D. Nature of the Dismissal**

In light of the foregoing, the amended complaint is dismissed without prejudice and without leave to renew pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, for failure to state a claim upon which relief may be granted, and for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Mendes Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (affirming district court's dismissal of amended complaint "as frivolous and running afoul of Rule 8"); *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation.").

Although plaintiff was already afforded leave to amend his original complaint, as noted above, the amended complaint bears no resemblance to the original complaint. Moreover, roughly five weeks before the amended complaint was received for filing, the Court received a document from plaintiff entitled, "Reply Brief to August 10, 2026[.]" *See* Dkt. No. 13. By Text Order entered on September 11, 2026, the Court acknowledged that the submission

---

[3] **Error! Main Document Only.**In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago*, 945 F.2d at 32 (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities). In this case, the amended complaint lacks allegations which plausibly suggest that plaintiff is experiencing an ongoing violation of federal law and does not seek relief that may be characterized as prospective.

included certain details that were also the subject of the original complaint, but ruled that it would not be accepted as an amended complaint and afforded plaintiff additional time to submit a proper amended complaint. Dkt. No. 14. Thus, it appears that plaintiff may have some confusion regarding the August 2026 Order, and may also still desire to pursue claims related to the alleged wrongdoing detailed in the original complaint. As a result, and in light of plaintiff's pro se status, the Court will afford him a final opportunity to file a second amended complaint against one or more proper defendants, related to the same wrongdoing detailed in the original complaint.

In any amended complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claim that any individual named as a defendant was a state actor who personally engaged in misconduct or wrongdoing that violated his constitutional rights. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

Plaintiff is forewarned that, if he fails to submit a proper second amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without further order.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Section 1983 claims for money damages against DOCCS are **DISMISSED without prejudice and without leave to renew** pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment; and it is further

**ORDERED** that plaintiff's remaining Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file a second amended complaint within thirty (30) days of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED** that upon the filing of a second amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed second amended complaint within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice for failure to state a claim upon which relief may be granted, and for failure to comply with the terms of this Decision and Order; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: November 25, 2026

Syracuse, NY

Elizabeth C. Coombe
U.S. District Judge